UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADALYN M. SOULLIERE,

    Plaintiff

                                  Civ. No. 06-14766

                                  DISTRICT JUDGE PAUL D. BORMAN
vs.                             MAGISTRATE JUDGE STEVEN D. PEPE

JULIE TROMBLEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On October 23, 2006, Plaintiff filed what purports to be a federal civil complaint naming the above Defendant (Dkt. #1) and an application to proceed *in forma pauperis* (Dkt. #2). On November 11, 2006, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and/or (12c). Judge Paul D. Borman granted Plaintiff's application to proceed *in forma pauperis* on November 16, 2006 (Dkt. #5). Defendant's motion to dismiss has been referred for report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) (Dkt. #6). For the following reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's Complaint **BE DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for her failure to state a claim upon which relief may be granted..

**I.    COMPLAINT**

On October 23, 2004, Plaintiff filed a *pro se* complaint with this Court. The Civil Cover Sheet identifies Defendants as "41-A District Court's Julie Trombley, Lt. D. Cedras, and Officer

Robert Facemyer."[1]   The Complaint states the following:

> In 1990 Bipolar was Ruled out ( 20 year malpractice). I was heavily medicated until July 18, 2006. In 1990 I left Denny's restaurant after being taunted by a Private Investigator. Money came up missing, I guess, I wasn't there. I don't remember but I Guess I was charged according to paperwork in Dec. 1990. I never went to Court and had no court dates. I was on personal bond. In Sept. of 1991, I was arrested for shop lifting at Meijer's. Again personal bond. No warrants showed up. I had forgot about the Case. In 1993 I was incarcerated with no lawyer and a video judge. The Denny's case never came up.
>
> I had lost so much memory and in Sept. of 2005 I went digging up paperwork. I truly believed someone was trying to kill me. I was hospitalized and strapped down. I told doctors I had been an Informant for the FBI, Terry Booth. They thought I was Crazy. A doctor Finally took me off meds. Post traumatic stress was diagnosed and what I receive Disability for. I was thrown out of Macomb County after Det. Burger told me he didn't give a "fuck" if I died. Macomb County Jail looked the other way while my door was kicked open. I was on lockdown. Now that I find these discrepancies and law [illegible- lawsuits?] No one wants to pay me and a Judge today told me she doesn't have the jurisdiction to change venue. I'm asking For a change of Jurisdiction or allow a change of venue Please.

(Dkt. #1).

In Plaintiff's Civil Cover Sheet, Plaintiff claims that the basis of jurisdiction in this Court is based upon federal question jurisdiction. Under Section IV, Nature of Suit, Plaintiff claims that her case is brought under the provisions of the Americans with Disabilities-Other [non-employment cause of action] (the Americans with Disabilities Act of 1990, hereinafter "ADA"). In Section VI, Cause of Action, Plaintiff claims that her action is based upon Title II and Title III of the ADA and describes her cause as "Qualified individuals with disabilities, reasonable modifications discrimination with known disability." However, nowhere in her Complaint does she cite or claim that her case is based upon any provisions of the ADA, nor has she alleged that

---

[1] In the caption to this case only Julie Trombley appears as a defendant. Regardless, this report recommends dismissal on grounds that would apply to all defendants listed in Plaintiff's Complaint.

she is a qualified disabled individual who has been discriminated against with respect to physical public accommodations, activities or facilities.

Lastly, in Section V relating to origin of the case, Plaintiff checked Box 7, indicating that this case was an appeal to the District Court from Magistrate Judgment. It appears she is mistaken in this regard as there is no Federal District Court Magistrate's opinion, order or judgment in this or any other case from which she is appealing to the District Court. Rather, it is indicated that she is seeking Federal District Court appeal and review of the state court proceedings in the 36th District Court Case No. 06-202616, and specifically the Order of October 19, 2006, by Judge Martin-Clark granting Defendant's Motion for Change of Venue of that case to the 41-A District Court. This conclusion is buttressed by Soulliere's statements in the Local Rule 83.11 Form completed and filed as part of her Civil Cover Sheet package. She identifies 36th District Court Case No. 06-202616 and Judge Miriam B. Martin-Clark as well as 36th District Court Case No. 06-200614 (filed against Denny's Restaurant) and Judge Renee R. McDuffee, as companion cases and states further that on:

> 10/19/06 Judge Martin-Clark changed venue to Macomb County. Macomb County agencies are being sued by me for the cause of my disability post-traumatic stress disorder. I asked changed of venue to not suffer any undue stress. Lawyers insisted on going to Macomb County. I want a change of jurisdiction. I am receiving SSID for PTSD. I am also an FBI informant and have been since 2004 when I received $3,000.00 for the arrest and conviction of Melvin Cornell, AKA "Horse."

## II.   ANALYSIS

In *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit held that district courts must screen complaints from indigent non-prisoners. Moreover, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under §1915(e)(2). The

3

complaint must be dismissed if it falls within the requirements of §1915(e)(2) when filed." *Id*. at 608-609.[2]

Under § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

Dismissal of the Plaintiff's complaint under §1915(e)(2) is warranted in this case. Because the action is filed against "41-A District Court's Julie Trombley, Lt. D. Cedras, and Officer Robert Facemyer," absolute immunity may be a relevant ground for dismissal of the Complaint under §1915(e)(2)(B)(iii). State courts enjoy state sovereign immunity under the Eleventh Amendment. *Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 47-51 (1994) (an entity acting as an arm of the state enjoys Eleventh Amendment immunity from federal suit to the same extent as the state itself). Further, if Defendant Trombley was performing a ministerial act within the scope of her government employment as a clerk of the 41-A District Court, she is entitled to governmental immunity or Eleventh Amendment immunity from this suit.[3]

---

[2] The language of §1915(e)(2) is mandatory in its use of "shall dismiss" unlike the language of its predecessor version in superceded §1914(d). Section 1915(e)(2) is essentially identical to the early sua sponte dismissal provisions of §1915A(b) in the Prisoner Litigation Reform Act except that §1915A applies only to prisoners and does not contain the provision concerning the allegation of poverty. Yet, complaints by non-prisoners are subject to the screening process required §1915(e)(2) even if the non-prisoner is not seeking waiver of prepayment of fees. *McGore,* 114 F.3d at 604. The language of §1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

[3] Such immunity would apply to all named defendants performing a ministerial act within the scope of their government employment.

Yet, even assuming *arguendo* that governmental immunity does not exist in this case, dismissal of the Plaintiff's complaint under §1915(e)(2) is warranted for failure to state a claim upon which relief may be granted. *See*, §1915(e)(2)(B)(ii). The complaint alleges a violation of the Americans with Disabilities Act, but fails to provide any facts or theories supporting such a claim.

Under the liberal federal pleading standard, Plaintiff must only give Defendant fair notice of her claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986);[4] *see also*, *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating

---

[4] *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986):

It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Place v. Shepherd,* 446 F.2d 1239 (6th Cir.1971). Dismissing a civil rights complaint in *Blackburn v. Fisk University,* 443 F.2d 121 (6th Cir.1971), this court found conclusory allegations of unconstitutional acts insufficient, stating:

> There are no facts alleged in support of the conclusions, and we are required to accept only well pleaded facts as true, *L'Orange v. Medical Protective Co.,* 394 F.2d 57 (6th Cir. [1968] ), not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.

*Id.* at 124 (citations omitted). *Accord, Smith v. Rose,* 760 F.2d 102, 106 (6th Cir.1985).

There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

In *Hobson v. Wilson,* 737 F.2d 1, 29-31 (D.C. Cir.1984), the court discussed some of

5

that while the standard for dismissals under Rule 12(b)(6) is liberal, and *pro se* claimants are given special consideration under *Haines v. Kerner,* 404 U.S. 519 (1972), a complaint nonetheless must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted). *See Ana Leon T. v. Federal Reserve Bank*, 823 F.3d 928, 930 (6th Cir. 1987)(Plaintiff has made only conclusory allegations. Such allegations cannot support an equal protection claim).

Finally, if Plaintiff is indeed seeking Federal District Court appeal and review of the state court proceedings in 36th District Court Case No. 06-202616, and specifically Judge Martin-Clark's October 19, 2006, Order granting Defendant's motion for change of venue to the 41-A District Court, this case must still be dismissed under §1915(e)(2) for failure to state a claim upon which relief may be granted. If a matter involves an ongoing or concluded state proceeding, the claim is barred by the abstention doctrine or the Rooker-Feldman doctrine which

---

these considerations, stating:
> Plaintiffs who fail to allege any specific facts to support a claim of unconstitutional motive cannot expect to involve Government actors in protracted discovery and trial. On receipt of such a complaint, Government defendants might move for dismissal or, alternatively, for summary judgment. Then plaintiffs must produce some factual support for their claim to avert dismissal.

dictate that only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Prior to the changes in 1996, this Court used to allow a plaintiff notice of the deficiency of the complaint and an opportunity to cure the defect. *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). Yet, this common sense approach was ended in 1996 with Congress' passage of the Prison Litigation Reform Act. [5]

## III. RECOMMENDATION

---

[5] *McGore,* 114 F.3d at 612:
The Prison Litigation Act has overruled the procedures set forth in *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983). In *Tingler,* we stated that a district court may not *sua sponte* dismiss a plaintiff's suit unless the court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint. *Id.* at 1111-12. Under § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals.

For the following reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's Complaint **BE DISMISSED** under 28 U.S.C. §1915(e)(2)(B)(ii) for her failure to state a claim upon which relief may be granted. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: April 24, 2007                                                  s/Steven D. Pepe
Ann Arbor, Michigan                                            United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on <u>April 24, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Bruce H. Hoffman</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>Madalyn M. Soulliere, 12039 Stoepel, Apt #2-S, Detroit, MI 48204.</u>

      <u>s/ James P. Peltier</u>
      James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church St.
      Flint, MI 48502
      810-341-7850
      pete_peltier@mied.uscourts.gov